IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SARA J. BATTEAU, Individually and on behalf of S.R.B., H.M.M., and R.J.B.<br><br>Plaintiff,<br><br>vs.<br><br>PENNY J. PIERSON as herself,<br>JOSEPH A. CERVANTEZ as himself, and<br>JACKSON COUNTY, ILLINOIS,<br><br>Defendants. | Case No. 23-cv-664-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Sara J. Batteau, individually and on behalf of her minor children, filed this *pro se* action against the Illinois Assistant States Attorney Penny Pierson, Illinois Assistant States Attorney Joseph Cervantez, and Jackson County, Illinois. Batteau's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 5) is now before the Court. For the following reasons, the motion is **DENIED**, and Batteau's Complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Batteau has sufficiently demonstrated her indigence and inability to pay the costs of commencing her lawsuit through her motion and accompanying affidavit.

The Court's inquiry does not end with a determination of indigency because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

Batteau makes the following relevant allegations in her Complaint: Pierson and Cervantez were "involved in an investigative matter in a family case in Texas and Illinois where the Plaintiff and her children were involved". Defendants exceeded their authority and immunity by using their official positions for personal reasons to sway the family case in Texas and Illinois. Batteau and her children are chronically ill and physically disabled and Defendants' actions have had a dramatic impact on their physical health. Batteau seeks monetary damages and requests that the Defendants be removed from their positions.

Batteau claims that this Court has jurisdiction through 28 U.S.C. §1331 and/or 28 U.S.C. §1343(a)(3). But it is unclear how either of these jurisdictional statutes confers subject matter jurisdiction in this case. Batteau does not set forth facts indicating that the Court has jurisdiction based on the diversity of citizenship of the parties or otherwise. *See* 28 U.S.C. §1332. To the extent that Batteau is suing the defendants in their official capacity as state officers, damages are barred by the Eleventh Amendment. *See Nat'l. Cas. Co. v. McFatridge*, 604 F.3d 335, 342 (7th Cir. 2010); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009). And to the extent that she is suing the Defendants in their individual capacities, damages are barred by

absolute prosecutorial immunity. *See Fields v. Wharrie*, 672 F.3d 5205, 516 (7th Cir. 2012). Thus, her Complaint fails to state a colorable claim for relief.

For the foregoing reasons, Plaintiff's Complaint (Doc. 3) is **DISMISSED with prejudice** and her motion to proceed *in forma pauperis* (Doc. 5) is **DENIED**. All pending motions are **TERMINATED** as **MOOT** and the Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:  May 1, 2023**

**STACI M. YANDLE**
**United States District Judge**